

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*
*Facsimile:      (413) 785-0394*

*United States Courthouse*
*300 State Street, Suite 230*
*Springfield, Massachusetts 01105-2926*

September 30, 2010

Tracy Miner
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
1 Financial Center
Boston, MA 02111

    Re:  United States v. Lisa B. Wood

Dear Attorney Miner:

    This letter sets forth the Agreement between the United States
Attorney for the District of Massachusetts ("the U.S. Attorney") and
your client, Lisa Wood ("Defendant"), in the above-referenced case.
The Agreement is as follows:

1.  **Change of Plea**

    At the earliest practicable date, Defendant shall plead guilty
to the Information attached to this Agreement charging her with
Failure to File Return in violation of 26 U.S.C. § 7203. Defendant
expressly and unequivocally admits that she committed the crimes
charged in counts one through four of the Information, did so
knowingly and willfully, and is in fact guilty of those offenses.

2.  **Penalties**

    Defendant faces the following maximum penalties on each count
of the Information: incarceration for a period of one year;
supervised release for a period of one year, a fine of $100,000, or
twice the gross gain/loss, whichever is greater; a mandatory special
assessment of $25; and restitution.

    Defendant recognizes that pleading guilty may have consequences
with respect to her immigration status if she is not a citizen of
the United States. Under federal law, a broad range of crimes are
removable offenses, including the offense(s) to which Defendant is

September 30, 2010
Page 2

pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel or the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status.  Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder.  The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine.  In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

> (i)    in accordance with USSG §§ 2T1.1 and 2T4.1, Defendant's base offense level is 14 based on a tax loss between $30,000 and $80,000.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a), except as follows:  Defendant reserves the right to argue for a departure from the Sentencing Guidelines or a sentence outside the Guidelines based on Defendant's family circumstances as well as based on sentences imposed in comparable tax cases.  The U.S. Attorney reserves the right to oppose Defendant's arguments.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under USSG §3E1.1.

September 30, 2010
Page 3

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

> (a) Fails to admit a complete factual basis for the plea;
>
> (b) Fails to truthfully admit her conduct in the offenses of conviction;
>
> (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;
>
> (d) Fails to provide truthful information about her financial status;
>
> (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;
>
> (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;
>
> (g) Intentionally fails to appear in Court or violates any condition of release;
>
> (h) Commits a crime;
>
> (i) Transfers any asset protected under any provision of this Agreement; or
>
> (j) Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S.

Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after date of this Agreement.

September 30, 2010
Page 4

4.    Sentence Recommendation

The Defendant intends to argue for a sentence of probation.
The U.S. Attorney reserves the right to argue for an appropriate
sentence after reviewing any and all information and submissions
provided by the Defendant.

The Defendant agrees she will provide to the U.S. Attorney
expert reports, motions, memoranda of law and documentation of any
kind on which she intends to rely at sentencing not later than 21
days before sentencing.  Any basis for sentencing with respect to
which all expert reports, motions, memoranda of law and
documentation have not been provided to the U.S. Attorney at least
21 days before sentencing shall be deemed waived.

During the period of supervised release, Defendant must,
within six months of sentencing or release from custody, whichever
is later:

> (i)     Cooperate with the Examination and Collection
>         Divisions of the Internal Revenue Service;
>
> (ii)    Provide to the Examination Division all
>         financial information necessary to determine
>         Defendant's prior tax liabilities;
>
> (iii)   Provide to the Collection Division all
>         financial information necessary to determine
>         Defendant's ability to pay;
>
> (iv)    File accurate and complete tax returns for
>         those years for which returns were not filed
>         or for which  inaccurate returns were filed;
>         and
>
> (v)     Make a good faith effort to pay all delinquent
>         and additional taxes, interest and penalties.

The U.S. Attorney contends that the amount of restitution owed
by Defendant is $57,538.  Defendant agrees that the amount of
restitution she owes is at least $37,500.  Defendant agrees to take
the necessary steps to allow for the application of the $11,454
seized from her home on May 29, 2008 to be applied to her
outstanding tax liability. Additionally, Defendant agrees that she
will sign any IRS forms deemed necessary by the IRS to enable the
IRS to make an immediate assessment of the tax, penalties, and
interest, including, but not limited to, the amount that she agrees

September 30, 2010
Page 5

to pay as restitution set forth above, and any additional amount of restitution ordered by the court at sentencing.   Defendant also agrees to sign IRS Form, 8821, "Tax Information Authorization." Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of the restitution paid pursuant to this agreement.

The parties understand that Defendant will receive proper credit, consistent with the restitution set forth above, for the payments made pursuant to this agreement.   Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from Defendant for the time period covered by this agreement or any other time period.

Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period.

Defendant understands that she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the IRS and identified by it as pertaining to her particular liability.

The contact for the Special Agent assigned to this case is as follows:

    Special Agent Julie Sanchez
    Internal Revenue Service, Criminal Investigation
    1550 Main Street
    Springfield, MA 01103

Defendant agrees to send a notice of any payments made pursuant to this agreement to the IRS at the following address:

    Internal Revenue Service
    Attention: MPU, STOP 151 (Restitution)
    P.O. Box 47-421
    Doraville, GA 30362.

September 30, 2010
Page 6

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

> (a)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;
>
> (b)   Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (c)   Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.   Waiver of Rights to Appeal and to Bring Collateral Challenge

> (a)   Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence on direct

September 30, 2010
Page 7

          appeal.   Defendant also understands that she may, in some circumstances, be able to argue that her conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

(b)   Defendant waives any right she has to challenge her conviction on direct appeal or in collateral challenge.

(c)   Defendant agrees that she will not file a direct appeal nor collaterally challenge any sentence of 16 months or less.  This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

(d)   The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any sentence of 10 months or more.

8.    Other Post-sentence Events

(a)   In the event that notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges her sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court, in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7.

(b)   If notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, she agrees that she will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that she has been found actually factually innocent of a prior crime.   Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless she has been found actually factually innocent of that prior crime.

September 30, 2010
Page 8

> (c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

### 9. Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

### 10. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in Paragraph 1 of this Agreement. The Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the IRS to the aforementioned agencies and their representatives of information for purposes of making that assessment.

### 11. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant,

September 30, 2010
Page 9

this Agreement shall be null and void at the option of the U.S.
Attorney.

12.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any
condition of her pretrial release, or has committed any crime
following her execution of this Agreement, the U.S. Attorney may,
at her sole option, be released from her commitments under this
Agreement in their entirety by notifying Defendant, through counsel
or otherwise, in writing.   The U.S. Attorney may also pursue all
remedies available to her under the law, irrespective of whether
she elects to be released from her commitments under this
Agreement.    Further, the U.S. Attorney may pursue any and all
charges which have been, or are to be, dismissed pursuant to this
Agreement.   Defendant recognizes that no such breach by her of an
obligation under this Agreement shall give rise to grounds for
withdrawal of her guilty plea.  Defendant understands that, should
she breach any provision of this Agreement, the U.S. Attorney will
have the right to use against Defendant before any grand jury, at
any trial or hearing, or for sentencing purposes, any statements
which may be made by Defendant, and any information, materials,
documents or objects which may be provided by Defendant to the
government subsequent to this Agreement without any limitation.   In
this regard, Defendant hereby waives any defense to any charges
which Defendant might otherwise have based upon any statute of
limitations, the constitutional protection against pre-indictment
delay, or the Speedy Trial Act.

13.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the
District of Massachusetts, and cannot and does not bind the
Attorney General of the United States or any other federal, state
or local prosecutive authorities.

14.   Complete Agreement

This letter contains the complete and only agreement between
the parties relating to the disposition of this case.  No promises,
representations or agreements have been made other than those set
forth   in   this   letter.     This   Agreement   supersedes   prior
understandings, if any, of the parties, whether written or oral.
This Agreement can be modified or supplemented only in a written
memorandum signed by the parties or on the record in court.

September 30, 2010
Page 10

If this letter accurately reflects the agreement between the
U.S. Attorney and Defendant, please have Defendant sign the
Acknowledgment of Agreement below.   Please also sign below as
Witness.   Return the original of this letter to Assistant U.S.
Attorney Karen L. Goodwin.

                    Very truly yours,

                    CARMEN M. ORTIZ
                    United States Attorney

                    By: _____
                    JAMES F. LANG,
                    Chief, Criminal Division
                    JOHN T. McNEIL
                    Deputy Chief, Criminal Division

            ACKNOWLEDGMENT OF PLEA AGREEMENT

        I have read this letter  in its entirety and discussed it
with my attorney.   I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.   I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter.  I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

                    _____
                    Lisa Wood, Defendant

                    Date: ___10/5/10___

September 30, 2010
Page 11

    I certify that Lisa Wood has read this Agreement  and that
we have discussed its meaning.  I believe she understands the
Agreement and is entering into the Agreement freely, voluntarily
and knowingly.

Tracy Miner,
Attorney for Defendant

Date: 10/11/10